UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                :
YANETH GARCIA,
                                                                :
                    Plaintiff,                                  ORDER
                                                                :
           -v.-
                                                                :      25 Civ. 3555 (JAV) (GWG)

DIAMONDROCK TIMES SQUARE TENANT,    :
LLC et al.,
                                                                :
                    Defendants.
------------------------------------------------------------------x
GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

        Defendants ask the Court to "so order" a subpoena to the New York State Workers'
Compensation Board ("WCB") that seeks plaintiff's workers' compensation file.   See Docket
# 66.   Plaintiff asks us for a protective order shielding this file from disclosure.   See Docket
# 67.

        The parties' applications turn on whether plaintiff's file is relevant to a claim or defense
in this case.   See Fed. R. Civ. P. 26(b)(1) ("[p]arties may obtain discovery regarding any
nonprivileged matter that is relevant to any party's claim or defense").   A party seeking
discovery "must make a prima facie showing, that the discovery sought is more than merely a
fishing expedition."   Evans v. Calise, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); see
also Mandell v. The Maxon Co., Inc., 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he
party seeking discovery bears the burden of initially showing relevance.") (citation omitted).

        While defendants' letter asserts that the file will contain information on the hours
plaintiff worked and her separation from defendants, see Docket # 66 at 1, plaintiff's letter
explains why it does not contain such information, see Docket # 67 at 1-2.   Plaintiff's letter also
explains why there is no reason to believe the file will address plaintiff's credibility.   See id. at
1.   Defendants' response does not even address plaintiff's arguments as to relevance.   See
Docket # 68.   We thus agree with plaintiff on the relevance question and find that defendants
have not met their initial burden to show the relevance of the file.

        Defendants argue that because plaintiff has produced two pages of the WCB file, she is
now obligated to produce the entire file.   See id.   It is unclear why plaintiff produced these two
pages, but such a production does not by itself show that the file is relevant.   In any event, the
two pages merely reflect summary information about plaintiff's WCB proceeding and do not
contain any evidence that appears to be relevant to any claim or defense in this case.   The pages
certainly do not contain information even remotely relevant to the areas defendants identified

(i.e., hours worked, plaintiff's separation, and credibility).   Thus, we see no unfairness in the fact that plaintiff made this production without producing the entire file.

Accordingly, plaintiff's request for a protective order (Docket # 67) is granted and defendants' request that the Court "so order" the subpoena to the WCB (Docket # 66) is denied.

SO ORDERED.

Dated:  April 30, 2026
        New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge